## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TEYONNA S. GWYN, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. _____ |
| PUBLIX SUPER MARKETS, INC., doing business as Publix, RONALD TODD, and CRYSTAL PHELPS, | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff Teyonna S. Gwyn ("Plaintiff" or "Gwyn"), by and through the undersigned counsel of record, and hereby files this Complaint for Damages against Defendants Publix Super Markets, Inc., doing business as Publix, Ronald Todd, and Crystal Phelps (*collectively*, "Defendants"), respectfully showing the Court as follows:

## JURISDICTION AND VENUE

1.

The above-captioned case is commenced pursuant to: (a) 42 U.S.C. §§ 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") for pregnancy discrimination, sex/gender discrimination, and retaliation; (b) the Americans with Disability Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, ("ADA") for pregnancy discrimination and retaliation; and (c) the laws of the State of Georgia for intentional infliction of emotional distress, as well as negligent retention and supervision.

2.

This Court has original jurisdiction over Plaintiff's Title VII and ADA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's State law claim pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because Defendants reside and maintain a place of business in the Northern District of Georgia, Atlanta Division, and the unlawful employment practices forming the basis of the Complaint occurred in this District and Division.

4.

Plaintiff satisfied all administrative prerequisites to institute this action. Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity ("EEOC") within one-hundred-and-eighty (180) calendar days from the day the discrimination took place (Charge No. 410-2021-02087) and Plaintiff has timely commenced the above-captioned case within ninety (90) days of receipt of the Notice of Right to Sue, dated May 7, 2021.

## PARTIES

5.

Gwyn is a female citizen of the United States, resident of the State of Georgia, and entitled to bring an action of this nature and type.

6.

Gwyn is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction.

7.

At all times relevant to the above-captioned case, Gwyn was an employee of Publix Super Markets, Inc., doing business as Publix, within the meaning of, *inter alia*, Title VII and the ADA.

8.

Defendant Publix Super Markets, Inc., doing business as Publix, ("Publix") is foreign profit corporation (Control Number K021853) authorized to do, and is actually doing, business in the State of Georgia.

9.

Publix is an employee-owned supermarket chain operating throughout the Southeast United States, including, but not limited to, Store No. 508 located at 1905 Scenic Highway N, Suite 4000, Snellville, Georgia 30078-5635 ("Store No. 508"), with a corporate headquarters in Lakeland, Florida.

10.

Publix may be served with Summons and this Complaint for Damages via its Registered Agent, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

11.

Publix is and was, at all relevant times, a private employer engaged in an industry affecting commerce within the meaning of Title VII and the ADA, employing more than fifty (50) employees for each working day in each of twenty (20) or more calendar weeks in the current and preceding calendar years.

12.

Defendant Ronald Todd ("Todd") is and was, at all relevant times, a citizen of the United States, resident of the State of Georgia, and subject to the jurisdiction of this Court.

13.

Todd is and was, at all relevant times, an employee of Publix, Manager of Store No. 506, involved in the day-to-day operation of Publix, and regularly exercised authority to:  (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of Publix.

14.

Todd is an employee of Publix and, at all relevant times, Todd was Gwyn's Manager, who participated in the unlawful discriminatory and tortious conduct described herein

15.

Todd may be served with process at Publix Store No. 508 located at 1905 Scenic Highway N, Suite 4000, Snellville, Georgia 30078-5635.

16.

Defendant Crystal Phelps ("Phelps") is and was, at all relevant times, a citizen of the United States, resident of the State of Georgia, and subject to the jurisdiction of this Court.

17.

Phelps is and was, at all relevant times, an employee of Publix, Assistant Manager of the Bakery Department at Store No. 506, involved in the day-to-day operation of Publix, and regularly exercised authority to: (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of Publix.

18.

Phelps is an employee of Publix and, at all relevant times, Phelps was Gwyn's direct supervisor, who participated in the unlawful discriminatory and tortious conduct described herein

19.

Phelps may be served with process at Publix Store No. 508 located at 1905 Scenic Highway N, Suite 4000, Snellville, Georgia 30078-5635.

## **STATEMENT OF FACTS**

### 20.

Publix is an employee-owned supermarket chain operating throughout the Southeast United States, including, but not limited to, Store No. 508 located at 1905 Scenic Highway N, Suite 4000, Snellville, Georgia 30078-5635.

### 21.

Gwyn is a twenty-eight (28) year old female and, at all relevant times, Gwyn was pregnant.

### 22.

At all relevant times, Gwyn was a qualified individual under, *inter alia*, the ADA.

### 23.

After graduating from high school, Gwyn attended Le Cordon Bleu in Tucker, Georgia, where Gwyn received a certificate in Culinary Arts with a minor in Baking and Pastry in August 2013.

24.

Before working for Publix, Gwyn was employed as a Breakfast and Line Cook with Embassy Suites, Pastry and Banquet Cook with Ruth's Chris Steak House, Cook with Emory Healthcare, Lead Cook with Kids R Kids Learning Academy, Lead Cook with the Suzuki School, as well as Cook and Dessert Counter Associate with Kaleidoscope Kids Camp.

25.

In addition to formal education and extensive professional experience, Gwyn completed several professional assessments, is certified in cake decorating from Wilton, and possesses a food handlers permit.

26.

In or about June 2020, Gwyn became pregnant.

27.

On or about August 30, 2020, Gwyn began working for Publix at Store No. 508 as a Cake Decorator, responsible for, *inter alia*, decorating pastries and baked goods according to Publix policy and customer preference, customer service, completing orders, selling products, operating bakery machinery, organizing inventory and stock, training other associates, as well as other assigned duties and tasks.

28.

At all relevant times, Gwyn diligently performed all tasks while meeting or exceeding all performance expectations as a Cake Decorator—Gwyn consistently received accolades for great customer service.

29.

In September 2020, Gwyn notified Todd—Store No. 508 Manager—and Phelps—Store No. 508 Assistant Manager in Bakery Department—of Gwyn's pregnancy. Todd responded that Gwyn "must be joking." Despite Todd's response, Gwyn continued to perform diligently and professionally.

30.

While employed by Publix, Gwyn became visibly pregnant and Gwyn repeatedly confirmed and acknowledged Gwyn's pregnancy.

31.

In or about September-October 2020, Gwyn provided Todd and Phelps with documentation from Gwyn's healthcare provider stating that, due to Gwyn's pregnancy, Gwyn could not lift more than ten (10) pounds ("Request for Reasonable Accommodation").

32.

Despite knowledge of Gwyn's pregnancy and the Request for Reasonable Accommodation, Defendants continued to dangerously overwork and force Gwyn to engage in dangerous activities.  Specifically, Gwyn was required to use and climb a ladder in the slippery, wet freezer to remove inventory and other items.  In this regard, Gwyn reminded Phelps of the Request for Reasonable Accommodation and advised Phelps that Gwyn was fearful of injury related to these dangerous activities. Nevertheless, Phelps simply repeatedly asked if Gwyn wanted to go home.  Because Gwyn was afraid to climb the slippery, wet ladder, on or about October 14, 2020, Phelps sent Gwyn home.

33.

Almost immediately after Gwyn provided the Request for Reasonable Accommodation and refused to climb the slippery, wet ladder, Defendants reduced Gwyn's hours.  Initially, Gwyn's hours were reduced from 35 to 30 hours per week. Then, Gwyn's hours were reduced to approximately ten (10) hours per week. Ultimately, Gwyn was completely removed from the work schedule.

34.

After Gwyn was not placed on the work schedule for Store No. 508, Gwyn called to inquire about the schedule and the Assistant Manager, Ginger, stated that Todd instructed her to place Gwyn on leave due to "pregnancy problems."

35.

Subsequently, Gwyn complained to Todd about the reduction of hours following the Request for Reasonable Accommodation and refusal to climb the slippery, wet ladder.  Todd responded that Todd would talk to Phelps about the schedule and that "changes were coming."  When the schedule was not changed, Gwyn approached Phelps, who stated that, every time Phelps made the schedule, Todd changed the schedule.  Gwyn then returned to Todd, who denied Phelps' assertion and stated that Phelps was responsible for the schedule.  Despite the finger-pointing, Gwyn complained that, although the Department was short-staffed, Gwyn's hours were still reduced.  After Todd stated that Gwyn should be scheduled due to short-staffing, Gwyn again approached Phelps, who stated that Defendants hired additional employees and that Phelps gave the new employees the hours previously allotted for Gwyn.  When Gwyn protested based upon seniority and the need to train the new employees, Phelps admitted that Gwyn's hours were reduced because Gwyn was pregnant and Gwyn was "about to go be a mom."

36.

As a result of Defendants' termination of Gwyn's employment due to the pregnancy, Gwyn began experiencing severe emotional distress and depression. Gwyn was fearful and anxious about how Gwyn would feed her children and pay her bills after Defendants terminated Gwyn's employment due to pregnancy. Consequently, Gwyn began communicating with a therapist.

37.

Prior to the discriminatory termination of employment described herein, Gwyn had not received negative performance reviews, disciplinary actions, or complaints concerning Gwyn's professional performance.

38.

Under no uncertain terms, Defendants terminated Gwyn's employment and punished Gywn based solely upon Gwyn's pregnancy.

39.

Other employees and individuals, outside of Gwyn's protected class, were treated differently because these employees and individuals, who were not pregnant, were not terminated or otherwise subjected to adverse employment actions associated with the Request Reasonable Accommodations and/or the refusal to engage in dangerous conduct while pregnant.

40.

Gwyn was qualified and capable of continuing employment as a Cake Decorator despite the pregnancy.

41.

As a result of Defendants' unlawful actions, Gwyn has suffered, among other things, lost wages and benefits, as well as severe emotional distress.

## CLAIMS FOR RELIEF

### COUNTS I AND II:
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF TITLE VII AND ADA
### (Against Defendant Publix)

42.

Gwyn re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

43.

Title VII and the ADA prohibit employers from discriminating against employees because of pregnancy.

44.

Defendants violated Title VII and the ADA, such that a cause of action exists where discrimination on the basis of pregnancy was the causative agent of adverse actions directed at Gwyn by Defendants.

45.

At all relevant times, Gwyn was a pregnant female, qualified individual under the ADA, employee of Publix, and a member of a protected class under Title VII and the ADA.

46.

At all relevant times, Gwyn was qualified for her position, and capable of performing, as a Cake Decorator.

47.

At all relevant times, Publix was Gwyn's employer, as defined by Title VII and ADA.

48.

At all relevant times, Todd was Store Manager and Phelps was Assistant Manager of Store No. 508, as well as Gwyn's direct supervisors, responsible for, among other things, assigning duties and terminating Gwyn's employment.

49.

With the knowledge that Gwyn's was pregnant, Defendants required Gwyn to perform dangerous duties and tasks.

50.

Almost immediately after Gwyn provided the Request for Reasonable Accommodation, Defendants reduced Gwyn's hours before ultimately terminating Gwyn's employment.

51.

Phelps admitted that Gwyn's hours were reduced, effectively terminating employment, because Gwyn was pregnant and Gwyn was "about to go be a mom."

52.

With the knowledge that Gwyn's was pregnant, Defendants terminated Gwyn's employment solely because of Gwyn's pregnancy.

53.

Defendants' termination of Gwyn's employment due to pregnancy constitutes unlawful discrimination on the basis of pregnancy in violation of Title VII and the ADA.

54.

As a result of the termination of employment based solely upon Gwyn's pregnancy, Gwyn was treated less-favorably than similarly-situated, non-pregnant employees of Publix in violation of Title VII and the ADA.

55.

Defendants willfully and wantonly disregarded Gwyn's rights.

56.

Defendants discriminated against Gwyn in bad faith.

57.

The effect of the conduct complained of herein has been to deprive Gwyn of equal employment opportunity and to otherwise adversely affect Gwyn's status as an employee solely because of Gywn's pregnancy.

58.

As a direct and proximate result of Defendants' intentional violation of Title VII and the ADA, Gwyn has been made the victim of acts that have adversely affected Gwyn's psychological and physical well-being and, therefore, Defendants are liable for these damages.

## COUNT III:
## SEX/GENDER DISCRIMINATION
## IN VIOLATION OF TITLE VII
### (Against Defendant Publix)

59.

Gwyn re-alleges and incorporates each and every preceding Paragraph of the Complaint as if set forth fully herein.

60.

Title VII prohibits employers from discriminating against employees because of gender/sex.

61.

Defendants violated Title VII, such that a cause of action exists where discrimination on the basis of gender/sex was the causative agent of adverse actions directed at Gwyn by Defendants.

62.

During the course of employment, Defendants unlawfully and knowingly discriminated against Gwyn based upon her gender/sex, and treated Camp less-favorably than similarly-situated male employees in violation of Title VII.

63.

Gwyn, as a twenty-eight year old African-American female, is a member of a protected group.

64.

From about August 2020 until about November 2020, an employer-employee relationship existed between Gwyn and Publix, such that Gwyn was an "employee" and Publix was an "employer" within the meaning Title VII.

65.

Beginning in or about August 2020, Gwyn was employed as a Cake Decorator with Publix.

66.

During the course of Gwyn's employment as a Cake Decorator, Publix's employees mocked Gwyn, forced Gwyn to engage in dangerous activities, threatened to terminated Gwyn's employment, reduced Gwyn's hours, and terminated Gwyn's employment based upon gender/sex.

67.

Despite Defendants' knowledge of Gwyn's pregnancy and Request for Reasonable Accommodation, Defendants terminated Gwyn's employment without cause or justification while during Gwyn's pregnancy.

68.

The discrimination to which Gwyn was subjected to by Defendants was based upon gender/sex in violation of Title VII and, thus, Gwyn is entitled to all appropriate relief provided under the law.

69.

Defendants' actions constituted discrimination and disparate, adverse treatment based upon gender/sex such that the intentional actions by Defendants adversely impacted Gwyn's terms, conditions, and privileges of employment.

70.

Defendants' actions created a hostile work environment based upon gender/sex such that the intentional actions by Defendants adversely impacted Gwyn's terms, conditions, and privileges of employment.

71.

Defendants' discriminatory conduct was accomplished pursuant to an unofficial policy, practice, and/or custom of Publix.

72.

As a direct and proximate result of Defendants' intentional and unlawful conduct, which was intended to cause Gwyn harm and/or was committed with reckless disregard of the harm caused to Gwyn, in derogation of her Federally-protected rights, Gwyn suffered and continue to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, danger to their reputation, and other pecuniary loses.

73.

Defendants' intentional and illegal conduct entitles Gwyn to compensatory damages, as well as any and all other remedies available under Title VII.

74.

Defendants' actions with regard to Gwyn demonstrate willful misconduct, malice, fraud, wantonness, oppression, and a complete lack of care and, therefore, Gwyn is entitled to an award of punitive damages to deter, punish, and penalize Defendants for and from similar future conduct.

## COUNTS IV AND V
## RETALIATION
## IN VIOLATION OF TITLE VII AND THE ADA
### (Against Publix)

75.

Gwyn re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

76.

The Title VII and the ADA prohibit retaliation against an employee who opposes discrimination on the basis of, *inter alia*, gender, pregnancy, and/or disability.

77.

Gwyn requested a reasonable accommodation for her qualified disability that impaired one or more major life activities, conduct protected by Title VII and the ADA.

78.

After learning of Gwyn's pregnancy, Defendants forced Gwyn to utilize a dangerous, slippery, and wet ladder, as well as lift heavy items, which Defendants knew were prohibited by Gwyn's healthcare provider and the Request for Reasonable Accommodation.

79.

Following Gwyn's objection and request to continue performing under the Request for Reasonable Accommodation, Defendants immediately reduced Gywn's hours before ultimately terminating Gwyn's employment.

80.

Defendants' adverse employment actions against Gwyn constitute unlawful retaliation against Gwyn in violation of Title VII and the ADA.

81.

Defendants' retaliatory actions were willful, deliberate, and intended to cause Gwyn harm and/or were committed with reckless disregard of the harm causes to Gwyn in derogation of Gwyn's Federally-protected rights.

82.

As a direct and proximate result of Defendants' retaliation, Gwyn has suffered financial losses, been deprived of employment, and otherwise lost compensation in the form of, *inter alia*, wages, insurance, retirement benefits, social security benefits, and other due benefits.

83.

Defendants' retaliation has also caused, continues to cause, and will cause Gwyn to suffer injuries, warranting an award of compensatory and punitive damages in an amount to be determined at trial.

84.

Gwyn is entitled to recover attorney's fees and litigation expenses.

## COUNT VI:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA
**(Against Defendants Publix, Todd, and Phelps)**

85.

Gwyn re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

86.

Defendants' statements, conduct, and behavior towards Gwyn were intentional and reckless, extreme and outrageous, causing Gwyn severe shame, humiliation, embarrassment, and emotional distress of a nature that no pregnant person should endure.

87.

Defendants' statements, conduct, and behavior towards Gwyn demonstrate, among other things, a "retaliatory animus."

88.

At all relevant times, the Parties had a special, employer-employee relationship, wherein Defendants had control over Gwyn and Gwyn's income and/or livelihood during Gwyn's pregnancy.

89.

When engaging in the intentional, reckless, extreme, and outrageous conduct towards Gwyn, Defendants knew that Gwyn was pregnant.

90.

Despite knowledge of Gwyn's pregnancy, Defendants forced Gwyn to choose between the safety of her unborn child and continued employment.

91.

Defendants knew or should have known that such conduct would result in the severe emotional distress suffered by Gwyn.

92.

As a result of Defendants' conduct, Gwyn has and will continue to suffer severe emotional distress and other damages for which Gwyn is entitled to recover.

**COUNT VII**
**NEGLIGENT RETENTION AND SUPERVISION**
**IN VIOLATION OF GEORGIA LAW**
**(Against Defendant Publix)**

93.

Gwyn re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

94.

As a result of the actions taken by Todd and Phelps, Gwyn suffered, among other things, discrimination based on pregnancy and disability, as well as retaliation.

95.

Publix owed Gwyn a duty to hire, retain, and supervise employees who would lawfully conduct themselves and not engage in discriminatory, retaliatory, or tortious conduct.

96.

By negligently retaining and supervising its employees, including Todd and Phelps, Publix breached its duty to hire, retain, and supervise an employee who would lawfully behave.

97.

Publix knew or, in the exercise of ordinary diligence, should have known of the propensity of its employees, to engage in unlawful conduct against Gwyn.

98.

By failing to engage in any corrective or remedial action, Publix ratified, condoned, and/or adopted its employees' unlawful conduct.

99.

As a direct and proximate result of Publix's negligent retention and supervision of its employees, as well as the failure to take any remedial or corrective action with respect to the known unlawful actions taken by Publix's employees, including Todd and Phelps, Gwyn suffered damages.

100.

Publix's negligent conduct entitles Gwyn to compensatory damages, punitive damages, as well as any and all other remedies available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1)     Grant Plaintiff a trial by jury as to all triable issues of fact;

(2)     Grant declaratory judgment that Plaintiff's rights under Title VII, the ADA, and Georgia law were violated;

(3)     Grant an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

(4)     Award compensatory damages in an amount to be determined by a jury;

(5)     Award appropriate back wages, future wages, and compensation for other damages in amounts to be shown at trial;

(6)     Award prejudgment interest on any award of back pay;

(7)     Award liquidated damages;

(8)     Award punitive damages in an amount reasonable and commensurate with the harm done and calculated to deter such conduct in the future;

(9)     Award Plaintiff's attorneys' fees, costs, and disbursements; and

(10)    Award Plaintiff such further and additional relief as may be just and appropriate.

*[SIGNATURE ON THE FOLLOWING PAGE]*

Respectfully submitted, this 13th day of July, 2021.

MOLDEN & ASSOCIATES


 */s/ Regina S. Molden*
REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (facsimile)
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com

*Counsel for Plaintiff Teyonna S. Gwyn*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TEYONNA S. GWYN, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. _____ |
| PUBLIX SUPER MARKETS, INC., doing business as Publix, RONALD TODD, and CRYSTAL PHELPS, | JURY TRIAL DEMANDED |
| Defendants. | |

## LOCAL RULE AND SERVICE CERTIFICATION

The undersigned certifies that this document has been prepared with a font and point selections approved by the Court in Local Rule 5.1(B) and that the foregoing **Complaint for Damages** has been filed with the Clerk using the CM/ECF system which will notify to the attorney(s) of record.

Respectfully submitted, this 13th day of July, 2021.

MOLDEN & ASSOCIATES

_____
T. ORLANDO PEARSON
Georgia Bar No. 180406